IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

TRINITY RUSSOM                                                                                          PLAINTIFF

v.                                              CIVIL NO. 24-6036

MARTIN J. O'MALLEY, Commissioner
Social Security Administration                                                                 DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Trinity Russom, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act).  In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

I.      **Procedural Background:**

Plaintiff protectively filed her current application for SSI on March 9, 2021, alleging an inability to work due to panic attacks, severe depression, anxiety, bipolar disorder, dyslexia, a learning disability/3rd grade education, sciatica, high blood pressure, arthritis of the spine, and possible agoraphobia. (Tr. 71, 204).  An administrative telephonic hearing was held on January 6, 2023, at which Plaintiff appeared with counsel and testified. (Tr. 31-68).

By written decision dated May 8, 2023, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 16).  Specifically, the ALJ found Plaintiff had the following severe impairments: degenerative disc disease,

1

degenerative joint disease of the lumbar spine, obesity, generalized anxiety disorder, depressive disorder, bipolar disorder, and mood disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 17). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 416.967(b) except she is limited to occasional postural activities to include stooping, crouching, kneeling, and crawling. Non-exertionally, the claimant is limited to work, which is simple, routine, and repetitive, and has the ability to make simple work related decisions. Further, she is limited to occasional interaction with coworkers, and supervisors, and no interaction with the public.

(Tr. 19). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a cleaner, a price marker, and a dog bather. (Tr. 24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, who denied that request on February 12, 2024. (Tr. 1-6). Subsequently, Plaintiff filed this action. (ECF No. 2). This case is before the undersigned pursuant to the consent of the parties. (ECF No. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 9, 10).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

**II.    Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits *de novo* to ensure that there was no legal error that the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin,* 825 F. 3d 936, 939 (8th Cir. 2016). Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Biestek v. Berryhill*, 139 S.Ct. 1148, 1154

2

(2019). We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Lawson v. Colvin*, 807 F.3d 962, 964 (8th Cir. 2015).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently.  *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the ALJ's decision.  *Id*.

It is well established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see also* 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  A Plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. § 416.920. Only if the final stage is

reached does the fact finder consider the Plaintiff's age, education, and work experience in light of her residual functional capacity. *Id*.

## III.   Discussion:

Of particular concern to the undersigned is the ALJ's RFC determination. RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. *Id*. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of her limitations. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005); *Eichelberger v. Barnhart*, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." *Lauer v. Apfel,* 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Lewis v. Barnhart,* 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect h[er] RFC." *Id*.

In the present case, the ALJ determined Plaintiff maintained the RFC to perform light work with limitations that include only occasional interaction with coworkers and supervisors, and no interaction with the public. In doing so, the ALJ found the opinion of Plaintiff's treating psychiatrist, Dr. Kenneth Stephens, who opined in November of 2022, that Plaintiff had extreme limitations with interacting appropriately with the public, coworkers, and supervisors unpersuasive. (Tr. 715). What is troubling to the undersigned is that Dr. Stephens' assessment - based upon his opinion that Plaintiff had severe social anxiety and that interactions lead to panic

4

attacks because Plaintiff became very overwhelmed with the thought of communicating or interacting outside of her home - appears to be supported by the opinion of Dr. Dawn C. Parsons, the consultative mental evaluation examiner, who in June of 2021, opined that Plaintiff "struggles to communicate her needs effectively and appears to have some difficulty in conducting interpersonal relations." (Tr. 422). The ALJ found Dr. Parsons' assessment persuasive but failed to address Dr. Parsons' finding that Plaintiff struggled to communicate and interact in a socially adequate manner which is similar to the findings of Dr. Stephens whose opinion the ALJ found unpersuasive. (Tr. 22). Plaintiff's alleged difficulty in communicating and interacting with others is also supported by the evidence of record indicating that Plaintiff had difficulty leaving her home due to anxiety, that Plaintiff was able to maintain a more consistent therapy regime when she was allowed to use teletherapy, that Plaintiff's medical providers contacted Plaintiff's sister for all scheduling and rescheduling of appointments, and that when Plaintiff was able to leave her home she was accompanied by a family member. After reviewing the record as a whole, the Court finds remand necessary so that the ALJ can more fully and fairly develop the record regarding Plaintiff's mental impairments.

While on remand, the Court strongly suggests that the ALJ further develop the record regarding Plaintiff's alleged learning disorder and dyslexia as Dr. Parsons indicated "psychological testing would need to be completed, if necessary, to determine if these alleged impairments were still an issue..." (Tr. 423).

With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

**IV.   Conclusion:**

Accordingly, the Court concludes that the ALJ's decision is not supported by substantial evidence, and therefore, the denial of benefits to the Plaintiff should be reversed and this matter should be remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 6th day of September 2024.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE